IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BERNICE M. MARTINEZ, INDIVIDUALLY, AND ON BEHALF OF JOSE MANUEL MARTINEZ AND KASSANDRA MARIE MARTINEZ, JOSE MANUEL MARTINEZ, JR., and CHRISTOPHER MARTINEZ, INDIVIDUALLY <br><br> VS. <br><br> THE UNITED STATES OF AMERICA | § § § § § § § § § § § § CIVIL ACTION NO. SA05CA0497 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

Now come BERNICE M. MARTINEZ, INDIVIDUALLY, AND ON BEHALF OF JOSE MANUEL MARTINEZ AND KASSANDRA MARIE MARTINEZ, JOSE MANUEL MARTINEZ, JR., and CHRISTOPHER MARTINEZ, INDIVIDUALLY, Plaintiffs in the above-styled and numbered cause, complaining of THE UNITED STATES OF AMERICA, (hereinafter called **Defendant)**, and for cause of action, would respectfully show unto the Court the following:

### I.
### JURISDICTION

This is an action for medical malpractice, and the Court should exercise jurisdiction over this action pursuant to Section 1367 of Title 28 of the United States Code, for the following reasons:

1.  The action for negligence is against The United States of America, and jurisdiction of the action is conferred on the Court by Section 1331 of Title 28 of the United

1

States Code.

2. The amount in controversy exceeds the sum or value of $100,000.00, exclusive of interest, costs of court, and attorney's fees.

## II.
## VENUE

The events made the basis of this lawsuit occurred in San Antonio (Bexar County), Texas, within the San Antonio Division of the United States District Court for the Western District of Texas.

## III.
## PARTIES

Plaintiffs, BERNICE M. MARTINEZ, INDIVIDUALLY, AND ON BEHALF OF JOSE MANUEL MARTINEZ AND KASSANDRA MARIE MARTINEZ, JOSE MANUEL MARTINEZ,JR., and CHRISTOPHER MARTINEZ, INDIVIDUALLY are individuals residing in Laredo, Webb County, Texas.

The Defendant, THE UNITED STATES OF AMERICA, may be served with Citation by serving its' agent, Mr. Johnny Sutton, United States Attorney for the Western District of Texas, at his office located at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, and by sending a true and correct copy of the Complaint, via certified mail, return receipt requested to the Honorable Alberto Gonzalez, Attorney General of the United States of America, Department of Justice, 950 Pennsylvania Avenue NW, Room B-103, Washington, D.C. 20530. **Service of Citation is requested at this time.**

## IV.

2

## PLAINTIFFS' CLAIMS

Plaintiffs filed their claims for damages for the acts of negligence specified herein below with the Department of Veterans Affairs, South Texas Veterans Healthcare System, Audie L. Murphy Memorial Veterans Hospital Division on January 26, 2005, with receipt of said claims acknowledged by the Department of Veterans Affairs on January 31, 2005. On March 21, 2005, Plaintiffs received notification of final administrative action on the subject claims under the Federal Tort Claims Act, denying such claims, with no finding of negligence on the part of The United States of America.

## V.
## FACTUAL BASIS OF CLAIMS

On or about February 19, 2003, Jose Manuel Martinez was a patient at the Pain Clinic of the Audie L. Murphy Veterans Administration Hospital, where he had been a patient for pain management treatment for many months relating to diffuse upper back, neck, and head pain related to an earlier traumatic injury. On or about February 19, 2003, the agents, servants and/or employees of the Veterans Administration Hospital scheduled Mr. Martinez to undergo a procedure known as an atlanto-occipital joint block in an effort to relieve Mr. Martinez' pain. The atlanto-occipital joint is the joint between the base of the skull and the first vertebrae of the cervical spine. A steroid injection was proposed to be injected into the atlanto-occipital joint in order to block pain at the level of Mr. Martinez' neck/upper back area. The procedure was performed by an anesthesiologist, acting by and on behalf of the Audie L. Murphy Veterans Administration Clinic. He was assisted by a Fellow in training. As the occipital joint was being injected, Mr. Martinez' stopped breathing, became completely unresponsive, and a code blue was called. Subsequent radiographic studies

revealed that Mr. Martinez had suffered an acute brain injury, which included an infarction of the right lateral medulla and left posterolateral pons caused by the steroid injection. As a result of this acute injury related to the injection, Mr. Martinez suffered a brain stem infarction. Mr. Martinez suffers from "Locked In Syndrome" a neurological injury characterized by complete paralysis of all voluntary muscles in all parts of the body except for those that control eye movement. Although Mr. Martinez remains conscious and can think, reason, and interact in a very limited fashion, using his eyes, he is unable to speak or move. He is completely mute and paralyzed. His only communication is with his family members by blinking eye movements. In all reasonable medical probability, his condition is permanent.

Plaintiffs believe and allege that THE UNITED STATES OF AMERICA, acting by and through its' agents, servants, employees, or ostensible agents of the Audie L. Murphy Veterans Administration Hospital Pain Clinic were negligent in numerous particulars including, but not limited to, the following:

1. In failing to properly advise JOSE MANUEL MARTINEZ of the potential catastrophic risks versus the potential benefits of undergoing this particular pain management procedure;

2. In failing to properly evaluate Mr. Martinez' condition and consider less invasive modalities of pain management;

3. In failing to offer to Mr. Martinez less invasive modalities of pain management;

4. In improperly performing the procedure, so as to result in profound neurologic injury;

5. Failing to take adequate measures to ensure proper placement of spinal needle prior to injection of Prednisolone Acetate;

6. In injecting a suspension solution which was known to cause this type of injury; and

7. In failing to perform proper diagnostic work-up prior to the procedure.

Each and all of the above and foregoing acts and/or omissions on the part of the Defendant, THE UNITED STATES OF AMERICA constituted negligence and medical malpractice and each and all of the acts and/or omissions on the part of the Defendant were a direct and proximate cause of Plaintiffs' injuries and damages herein, as more particularly set forth hereinbelow.

## VI.
## OSTENSIBLE AGENCY/VICARIOUS LIABILITY

Plaintiffs would respectfully show unto the Court that at all times material herein, your Plaintiff, JOSE MANUEL MARTINEZ, had a reasonable belief that the physicians performing the pain procedure on or about February 19, 2003, were the agents, servants, and/or employees of the Veterans Administration Hospital.

Plaintiffs would further show that JOSE MANUEL MARTINEZ' belief was generated by the Veterans Hospital affirmatively holding out the physicians or its' agents, servants or employees, and permitting the physicians to hold themselves out as agents of the Veterans Administration Hospital. JOSE MANUEL MARTINEZ justifiedly relied upon this representation of authority and, therefore, Defendant, THE UNITED STATES OF AMERICA is vicariously liable for the medical negligence of the physicians who performed the procedure on or about February 19, 2003.

Plaintiffs would further show, in the alternative, that THE UNITED STATES OF AMERICA, by and through the Veterans Administration Hospital retained the right of control over physicians' work at the Pain Clinic, that such right of control was significant, so as to establish vicarious liability of the Veterans Administration under the Borrowed Servant Doctrine.

Furthermore, the right of control retained by the Veterans Administration establishes direct liability of the Veterans Administration for its own negligence and the exercise of such retained control. As a result of the failures on the part of THE UNITED STATES OF AMERICA acting by and through the Veterans Administration physicians and the physicians who performed the pain procedure of February 19, 2003, JOSE MANUEL MARTINEZ has been profoundly neurologically and emotionally injured, and will remain so for the remainder of his natural life.

## VII.
## DAMAGES

As a direct and proximate result of the negligence on the part of the agents, servants, ostensible agents, borrowed servants, and/or employees of the Defendant, THE UNITED STATES OF AMERICA, the Plaintiff, JOSE MANUEL MARTINEZ has been gravely injured and has been caused to suffer profound neurological injury, known as "Locked In Syndrome." His injuries are characterized by a complete paralysis of all voluntary muscles in all parts of body except for those that control his eye movement. Although Mr. Martinez remains conscious and can think, reason, feel, and suffer, he is unable to speak, move, or breath on his own. He is completely mute, paralyzed, a quadriplegic, and remains on a ventilator for respiration. Communication is possible with his loved ones only through blinking eye movements. There is no cure for "Locked In Syndrome", nor is there any standard course of treatment. His prognosis is extremely poor, and it is unlikely that he will regain any meaningful function. He is dependent upon his wife and caregivers for constant, twenty-four (24) hour a day care. Plaintiffs seek to recover for the physical pain and suffering, mental pain and anguish, torment and profound emotional injuries that JOSE MANUEL MARTINEZ has sustained in the past and will, in reasonable probability, continue to

suffer in the future. Furthermore, JOSE MANUEL MARTINEZ has suffered grave physical impairment and disfigurement in the past and will, in reasonable probability, continue to suffer the same for the remainder of his natural life. Furthermore, he has been caused to suffer a loss of earnings and a loss of wage earning capacity, for which recovery is sought herein. Further, Mr. Martinez has been deprived of the ability to lead a full and complete life, to interact with his wife and children, and has suffered a profound disruption of the family unit for which recovery is sought herein. Finally, reasonable and necessary medical, doctor, hospital, therapy, rehabilitative, nursing, and long-term care expenses have been incurred in the past and will, in reasonable probability, continue to be incurred throughout the remainder of Mr. Martinez' life, for which recovery is sought herein.

Plaintiffs would further show that as a direct and proximate result of the negligence on the part of the agents, servants, ostensible agents, borrowed servants, and/or employees of THE UNITED STATES OF AMERICA, Plaintiffs, BERNICE MARTINEZ, wife of JOSE MANUEL MARTINEZ, and his children, KASSANDRA MARIE MARTINEZ, JOSE MARTINEZ, JR. and CHRISTOPHER MARTINEZ, have been caused to suffer profound mental pain and anguish in the past, and have been caused to suffer the loss of their father's love, affection, protection, emotional support, services, companionship, and society that they would have received had he not been profoundly injured. Furthermore, BERNICE MARTINEZ has been caused to suffer the loss of the affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a marriage, and will continue to suffer the same in the future, for which she seeks recovery herein. Furthermore, BERNICE MARTINEZ has been caused to suffer the loss of household services and loss of pecuniary benefits that she would have received from her

husband had he not been profoundly injured.

Plaintiffs believe and allege the damages sustained by them are directly and proximately caused by the negligent acts and/or omissions on the part of the Defendant and such injuries are in an amount within the jurisdictional limits of this Court.

WHEREFORE, PREMISES, CONSIDERED, Plaintiffs pray that the Defendant, THE UNITED STATES OF AMERICA, be duly cited to appear and answer herein, and then upon final hearing hereon, Plaintiffs have and recover judgment of and from the Defendant, THE UNITED STATES OF AMERICA, in an amount within the jurisdictional limits of this Court, pre-judgment and post-judgment interests, costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled.

                Respectfully submitted,

                LYONS & RHODES, P.C.
                126 Villita Street
                San Antonio, Texas 78205
                Telephone:   210/225-5251
                Telefax:      210/225-6545

                _/s/ Mary Wilson_
                Clem Lyons
                Sate Bar No. 12742000
                Mary Wilson
                State Bar No. 21704570
                ATTORNEYS FOR PLAINTIFFS

m:\home\wpc\martinez-jose\complaint.wpd